**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JONA SEGATI DUIKORO, | No. 18-71842 |
| Petitioner, | Agency No. A208-968-322 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022**
San Francisco, California

Before: W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

Jona Segati Duikoro, a native and citizen of Fiji, petitions for review of a

decision of the Board of Immigration Appeals ("BIA") affirming an immigration

judge's denial of Duikoro's application for asylum, withholding of removal, and

protection under the United Nations Convention Against Torture ("CAT"). We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the agency's factual findings for substantial evidence. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the BIA's finding that Duikoro did not establish a clear probability of future persecution for purposes of withholding of removal. *See id.* at 791 ("To qualify for withholding of removal, an applicant must show a 'clear probability' of future persecution." (citation omitted)). Duikoro did not show that political persecution of his stepfather created a "pattern of persecution closely tied" to Duikoro, *Arriaga-Barrientos v. U.S.I.N.S.*, 937 F.2d 411, 414 (9th Cir. 1991), and testimony that family members have remained in Fiji without incident weakens his argument, *see Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) ("[A] petitioner's fear of future persecution is weakened, even undercut, when similarly-situated family members living in the petitioner's home country are *not* harmed." (citations and internal quotation marks omitted)). Nor did he establish a clear probability of persecution based on vague or indirect threats. *See Marcos v. Gonzalez*, 410 F.3d 1112, 1119 (9th Cir. 2005) ("What matters is whether the group making the threat has the will or ability to carry it out." (citation and internal quotation marks omitted)).

Substantial evidence supports the BIA's finding that Duikoro failed to "establish that he . . . is more likely than not to suffer intentionally-inflicted cruel

and inhuman treatment if removed" to Fiji for purposes of CAT protection. *Garcia*, 749 F.3d at 791 (citation and internal quotation marks omitted). Duikoro concedes that he was not harmed in the past, the record does not establish that his stepfather's political activities put him at risk of torture, and the family members to whom he is similarly situated have remained in Fiji unharmed. *See Tamang*, 598 F.3d at 1094–95 (where an applicant had personally suffered no past persecution and similarly situated family members remained in his home country without harm, the record did not compel the conclusion that he merited CAT protection).

**PETITION FOR REVIEW DENIED.**